# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:15-CR-44 |
| | ) | |
| DEMETRIS REESE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Suppress Evidence, filed by Defendant, Demetris Reese, on July 28, 2015. (DE #20.)  For the reasons set forth below, the motion is **DENIED as untimely**.

On April 16, 2015, Defendant was charged via indictment with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  On May 8, 2015, Defendant was arraigned and an order was entered requiring all pretrial motions to be filed by June 5, 2015. (DE #8.)

On June 5, 2015, the day the pretrial motions were originally due, Defendant, through his attorney, filed a Motion for Extension of Time to File Pretrial Motions, indicating that he had received discovery from the Government on May 19, 2015, and needed additional time to review it, research any possible motions, and to request additional discovery. (DE #13.)  That motion was granted,

and the deadline was extended to July 6, 2015. (DE #14.)

On June 29, 2015, Defendant, through his attorney, filed a Second Motion for Extension of Time to File Pretrial Motions, stating that Defendant received more discovery from the Government on June 27, 2015, and needed additional time to review the new discovery, investigate, and research any possible motions. (DE #15.) That motion was also granted, and the deadline was extended to July 13, 2015; the trial setting was also vacated and reset to October 26, 2015. (DE #17.)

On July 10, 2015, Defendant, through his attorney, filed a Third Motion for Extension of Time to File Pretrial Motions, requesting an additional fourteen days to file the pretrial motions and noting that "[t]he defense does not anticipate filing any further motions for extension of time." (DE #18.) That motion was granted, and Defendant was ordered to file any pretrial motions by July 27, 2015. (DE #19.)

On July 28, 2015, one day after the deadline and without seeking an extension or leave to file the motion late, Defendant filed the instant Motion to Suppress Evidence. (DE #20.)

The motion to suppress is untimely. Magistrate Judge Cherry ordered all pretrial motions to be filed by July 27, 2015. Defendant was seemingly aware of this deadline, as he had filed three previous motions for extension of time. Those motions indicate that the Government turned over its last batch of

discovery on June 27, 2015, a full month before the new deadline.

If a defendant wishes to pursue a motion to suppress, he must do so before trial. Fed. R. Crim. P. 12(b)(3)(C). Moreover, the Court may set a deadline for the parties to make pretrial motions. Rule 12(c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Rule 12(c)(2). Here, Defendant has offered no reason, much less good cause, for the late filing of the instant motion to suppress, and he has not sought leave to file it after the deadline. As such, the motion to suppress is **DENIED** as untimely. *See, e.g., United States v. Angle*, 234 F.3d 326, 333 (7th Cir. 2000) (upholding the district court's denial of motion to suppress as untimely, finding "court did not abuse its discretion in denying [defendant's] suppress motion for untimeliness."); *United States v. Lauderdale*, No. 07-cr-30052-MJR, 2007 WL 3231469, at *1 (S.D. Ill. 2007) (denying motion to suppress when two motions to suppress filed 24 days late and no showing of good cause was made).

DATED:    July 30, 2015                   /s/ RUDY LOZANO, Judge
                                          **United States District Court**

3